IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,**<br>1101 K St., N.W., Suite 201<br>Washington, D.C. 20005<br><br>       Plaintiff,<br><br>   v.<br><br>**U.S. DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20530<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of the U.S. Department of Justice ("DOJ") to disclose to CREW documents responsive to three separate but related FOIA requests that would show: (1) cost breakdowns for trips related to the investigation United States Attorney John H. Durham is conducting of, *inter alia*, the origins of the government's investigation into interference in the 2016 election, including the total cost of all trips taken by Attorney General William P. Barr; and (2) copies of all budgets, expenses, salaries, and costs of the investigation U. S. Attorney Durham is conducting.

2. This case seeks declaratory relief that DOJ is in violation of the FOIA, 5 U.S.C. § 552(a)(6)(E)(i), for failing to provide CREW all responsive records, and injunctive relief ordering defendant DOJ to process and release to CREW immediately the requested records in

their entirety. CREW is also challenging DOJ's failure to provide the second category of documents on an expedited basis.

## Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Defendant has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA requests.

## Statutory and Regulatory Background

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester demonstrates a "compelling need" as well as "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i). The FOIA defines "compelling need" to include requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* at § 552(a)(6)(E)(v)(II).

9. Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I); 28 C.F.R. § 16.5(e)(4). DOJ regulations provide that requests for expedition based on a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence must be submitted to the Director of Public Affairs at DOJ's Office of Public Affairs. 28 C.F.R. § 16.5(e)(2).

10. An agency's failure to respond within 10 calendar days to a request for expedition is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(E)(iii).

11. Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii).

## Factual Background

12.     Attorney General William P. Barr reportedly assigned John H. Durham, the United States Attorney for Connecticut, to investigate the opening of the Russian investigation. Adam Goldman, Charlie Savage, and Michael S. Schmidt, <u>Barr Assigns U.S. Attorney in Connecticut to Review Origins of Russia Inquiry</u>, *New York Times*, May 13, 2019, *available at* https://www.nytimes.com/2019/05/13/us/politics/russia-investigation-justice-department-review.html. The Durham investigation is one of several examining Russian interference in the 2016 campaign and coordination with the Trump Campaign.

13.     While Special Counsel Robert Mueller's investigation concluded that there was insufficient evidence to charge a broader conspiracy, it produced convictions of numerous Trump campaign officials and associates, as well as indictments of Russian individuals and agents who interfered in the 2016 Presidential Election. Attorney General Barr's involvement in the Mueller investigation created a potential appearance of impropriety because it appeared that Barr had pre-judged the outcome of the investigation. *See* Letter from Noah Bookbinder to Attorney General William P. Barr, Apr. 11, 2019, *available at* https://go.aws/2RjHynO; Letter from Noah Bookbinder to Assistant Attorney General Lee J. Lofthus, May 20, 2019, *available at* https://bit.ly/2Mis3LH.

14.     Notwithstanding the conclusions of the Mueller investigation, Attorney General Barr has continued to pursue an inquiry into the origins of the initial investigation and recent reports suggest this inquiry is considering criminal charges. Josh Gerstein, <u>DOJ inquiry into 2016 election becomes criminal investigation</u>, *Politico*, October 24, 2019, *available at* https://www.politico.com/news/2019/10/24/2016-election-criminal-investigation-justice-000296. The Attorney General's involvement in the Durham investigation raises the prospect that he

continues to engage in unethical conduct or, at the very least, conduct that calls his impartiality into question.

15.     In fact, Attorney General Barr took the highly unusual step of personally travelling to Italy to meet with Italian intelligence officers as a part of the Durham investigation. Katie Benner and Adam Goldman, <u>Justice Dept. Is Said to Open Criminal Inquiry Into Its Own Russia Investigation</u>, *New York Times*, Oct. 24, 2019, *available at* https://www.nytimes.com/2019/10/24/us/politics/john-durham-criminal-investigation.html.

*CREW's November 19, 2019 FOIA Request*

16.     To help shed light on the conduct of Attorney General Barr, CREW submitted a FOIA request with the Department of Justice's Office of Information Policy ("OIP") on November 19, 2019, through DOJ's online FOIA portal seeking "documents sufficient to show the detailed cost breakdowns for trips as they relate to John H. Durham's review relating to the origins of the government's investigation into interference in the 2016 election" as well as "documents sufficient to show the total cost of all trips taken by Attorney General William P. Barr related in whole or in part to Durham's review, including, but not limited to, trips to Italy."

17.     DOJ's online tracking system confirms the submission of CREW's request on November 19, 2019. To date, CREW has received no response of any kind from DOJ concerning its November 19, 2019 FOIA request, and the DOJ tracking system indicates only that the request is being processed.

*CREW's December 6, 2019 FOIA Requests*

18.     On December 6, 2019, CREW sent a second FOIA request through DOJ's online FOIA portal to DOJ's Executive Office for United States Attorneys ("EOUSA") requesting "copies of all records of budgets, expenses, salaries, and costs of the investigation being

conducted by United States Attorney John H. Durham of the U.S. Attorneys' Office for the District of Connecticut as they relate to his review into the origins of the government's investigation into interference in the 2016 election."

19. CREW sent an identical FOIA request using DOJ's online FOIA portal to OIP on December 6, 2019.

20. CREW sought expedition of both of its December 6, 2019 FOIAs because the subject matter of the requests is of widespread and exceptional media interest and the requested information involves possible questions of the government's integrity that affect public confidence. Pursuant to DOJ regulations, CREW submitted the expedition request by facsimile on December 6, 2019, to Kerri Kupec, Director of DOJ's Office of Public Affairs.

21. In its requests for expedition, CREW explained that the unusual and potentially unethical conduct of Attorney General Barr created a heightened need for access to records about U. S. Attorney Durham's investigation. CREW asserted that the public has a strong interest in the costs of Durham's investigation, especially since it apparently is being conducted in coordination with the Attorney General's office. CREW also explained that the subject matter of both requests is of widespread and exceptional media interest, pointing to the extensive news coverage the Durham investigation has received. Finally, CREW explained its primary purpose is to inform the public about the activities of government officials and those who influence public officials. As DOJ regulations require, CREW certified its statements in support of its requests for expedition are true and correct.

22. In an email notification received on December 12, 2019, DOJ notified CREW that CREW's request for expedition of its December 6, 2019 EOUSA FOIA request had been denied. The only explanation given was that "Per PAO does not meet standard."

23.     In a letter received via email on December 13, 2019, DOJ notified CREW that CREW's request for expedition of its December 6, 2019 OIP FOIA request had been denied. DOJ offered no explanation for the denial. DOJ further asserted that CREW's December 6, 2019 OIP FOIA request "falls within 'unusual circumstances'" and that OIP therefore needed additional time to respond to CREW's request.

24.     To date, CREW has received no additional response from DOJ concerning either of its December 6, 2019 FOIA requests.

## PLAINTIF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Wrongful Withholding of Non-Exempt Records)

25.     Plaintiff repeats and re-alleges paragraphs 1-24.

26.     Plaintiff properly asked for records within the custody and control of the Department of Justice.

27.     Defendant DOJ wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for making a determination on Plaintiff's FOIA requests submitted to DOJ on November 19 and December 6, 2019, and by withholding from Plaintiff all records responsive to Plaintiff's three FOIA Requests.

28.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records.

### CLAIM TWO
### (Failure to Grant Expedition)

29.     Plaintiff repeats and re-alleges paragraphs 1-28.

30.     Plaintiff properly asked that the Department of Justice expedite the processing of Plaintiff's December 6, 2019 FOIA requests to EOUSA and OIP seeking agency records within

7

the custody and control of the DOJ, demonstrating widespread and exceptional media interest in the requested information, which involves possible questions of the government's integrity that affect public confidence.

31.     Defendant Department of Justice erred in denying expedition of CREW's December 6, 2019 FOIA requests and by failing to offer any reasoned explanation for the denials.

32.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate and expedited processing and disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1)     Order defendant Department of Justice to immediately and fully process Plaintiff's November 19, 2019 and December 6, 2019 FOIA requests and disclose all non-exempt documents immediately to Plaintiff;

(2)     Issue a declaration that Plaintiff is entitled to immediate processing and disclosure of the requested records;

(3)     Issue a declaration that Plaintiff is entitled to expedition of its December 6, 2019 FOIA requests;

(4)     Provide for expeditious proceedings in this action;

(5)     Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(6)     Award plaintiff its costs and reasonable attorneys' fees in this action; and

(7)     Grant such other relief as the Court may deem just and proper.

                        Respectfully submitted,

                        */s/ Anne L. Weismann*
                        Anne L. Weismann
                        (D.C. Bar No. 298190)
                        Conor M. Shaw
                        (D.C. Bar No. 1032074)
                        Citizens for Responsibility and Ethics
                            in Washington
                        1101 K St., N.W., Suite 201
                        Washington, D.C. 20005
                        Phone: (202) 408-5565
                        Facsimile: (202) 588-5020

Dated: January 27, 2020          *Attorneys for Plaintiff*