## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND

ETHICS IN WASHINGTON,

       Plaintiff,                                  Case No. 1:20-cv-212(EGS)

v.

UNITED STATES DEPARTMENT OF JUSTICE,

       Defendant.

_____/

## DECLARATION OF VINAY J. JOLLY

I, Vinay J. Jolly, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I am assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, amended by the OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, and the Privacy Act of 1974 ("PA"), 5 U.S.C. §552a. In that capacity, my responsibilities include the following: acting as liaison with other divisions and offices of the DOJ in responding to requests and litigation filed under both the FOIA/PA; reviewing FOIA/PA requests for access to records located in this office and the ninety-four United States Attorneys' Offices ("USAOs'") and the case files arising therefrom; reviewing correspondence related to requests; reviewing of searches conducted in response to requests; locating responsive records; and preparing EOUSA responses thereto to ensure that determinations to withhold or release such responsive records are in

accordance with FOIA, PA, and Department of Justice regulations (28 C.F.R. §§16.3 et seq. and §§16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are based upon my review of the official files and records of EOUSA, my own personal knowledge, and information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA requests made to EOUSA by Plaintiff. I have reviewed the Complaint for which this Declaration addresses. This Declaration is being submitted in support of Defendant's Motion for Summary Judgment for records withheld by EOUSA.

## BACKGROUND

4. On December 6, 2019, EOUSA received a FOIA/PA request dated December 5, 2019 through its online system for "copies of all records of budgets, expenses, salaries, and costs of the investigation being conducted by United States Attorney John H. Durham of the U.S. Attorneys' Office for the District of Connecticut as they relate to his review into the origins of the government's investigation into interference in the 2016 election." By letter dated December 9, 2019 EOUSA advised the Plaintiff that it had received his request and assigned it a number of 2020-000797. (**See Exhibit 1**.)

5. EOUSA notified Plaintiff by letter dated July 1, 2020, that a search for records in the U.S. Attorney's Office for the District of Connecticut ("USAO-CT") has revealed responsive records regarding his FOIA/PA request. In the letter, EOUSA notified Plaintiff that all records were withheld in full pursuant to 5 U.S.C. § § (b)(5), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(A), (b)(7)(F), and 5 U.S.C. § 552(a)(j)(2)(k)(2). (**See Exhibit 2**.)

## ADEQUACY OF THE SEARCH

6. After receiving Plaintiff's request, EOUSA undertook the search for documents responsive to Plaintiff's FOIA request. John H. Durham, the United States Attorney for the District of Connecticut, is conducting an investigation with respect to certain activities involving the campaigns in the 2016 U.S. presidential election as well as certain related matters (the "Review"). In connection with the search for responsive records to Plaintiff's FOIA request, the USAO-CT conducted a search for records in the USAO-CT responsive to Plaintiff's request. The USAO-CT produced a spreadsheet containing the responsive information to the request.[1] These records were sent to EOUSA, and EOUSA processed the records. The FOIA Contact for the USAO-CT has submitted a declaration describing the search for records within USAO-CT.[2]

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

7. The USAO's Civil Case Files (Justice/USA-005) and Criminal Case Files (Justice/USA-007) are contained in a Privacy Act System of Records. The Attorney General has promulgated rules exempting these records from the Privacy Act's access provisions as authorized by 5 U.S.C. § 552a(j)(2), which appear at 28 C.F.R. § 16.81. Subjection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws.

---

[1] On the spreadsheet, one tab has the identities and salaries of USAO-CT investigators on the Review. The second tab lists specific information regarding travel expenses incurred in furtherance of the Review, including the identity of the person making the trip, the trip's duration, the destination, and a total cost of the trip.

[2] The Office of Information Policy (OIP) has also provided an additional search declaration for records responsive to Plaintiff's requests that were provided to (OIP) by the Department's Justice Management Division and further explanation of applicable FOIA exemptions. *See* Brinkmann Decl.

Subjection (k)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to law enforcement and/or civil laws. The mission of the USAO is to enforce criminal and civil laws and defend the interests of the United States, to provide Federal leadership in preventing and controlling crime, and to seek punishment for those found guilty of unlawful behavior.

    8. The entire responsive material pertains to the Review by Mr. Durham and was compiled for law enforcement purposes by the USAO-CT, which performs as their principal function activities related to the enforcement of criminal and civil laws and other investigations. Accordingly, records are exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j-k)(2). Furthermore, as the responsive records also contain the records of third-parties described more fully below, these records are independently protected from disclosure under the Privacy Act.[3] To release these records without an authorization from the third parties would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, Privacy Act, 5 U.S.C. § 552a(b), and generally exempt under FOIA. See also 28 C.F.R. § 16.3. Having found that the requested records were exempt under the Privacy Act, EOUSA next reviewed the records under the provisions of the FOIA.

---

[3] "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains..." 5 U.S.C. § 552a(b). EOUSA has no record of authorizations for any third parties.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

## EXEMPTION 5 U.S.C. §552(b)(5)
## PRIVILEGED INFORMATION

9. Exemption (b)(5) protects inter-agency and intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. The courts have construed this language to exempt those documents that are normally privileged in the civil discovery context.

10. EOUSA asserted Exemption 5 to protect specific information contained in the spreadsheet generated by the USAO-CT outlining the composition of personnel as well as the associated costs for the Review being led by Mr. Durham. The withheld information includes the identities of members of the Review well as selected witnesses, and expenses attributed to the investigation.

11. EOUSA invoked the attorney work-product privilege to protect records or portions of these records that reflect such matters as the selection of the members of the Review team, including choice of witnesses assisting in the Review, and the costs incurred of the individuals. The relevant records were prepared by or at the request or direction of an U.S. Attorney in anticipation of or during litigation. The substance of the records withheld in their entirety is exempt from disclosure pursuant to this privilege because it would reveal the details of the investigation, including costs and geographic travel metrics for witnesses, revealing insights into the scope and breadth of the investigation. Release of this information would provide the requester with the scope of the Review by setting forth where the government sought to find evidence to develop the investigation, how the government developed its investigation, and who the government relied upon to conduct the investigation.

## **EXEMPTION 5 U.S.C. §552(b)(7)(C)**
## **UNWARRANTED INVASION OF PERSONAL PRIVACY**

12. 5 U.S.C. § 552(b)(7)(C) exempts from disclosure:

records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to constitute an unwarranted invasion of personal privacy.[4]

13. All of the information at issue in this matter was compiled for an investigation into the inquiry regarding the origins of the 2016 election interference; and therefore, it was compiled for law enforcement purposes. Exemption (b)(7)(C) is the law enforcement counterpart to Exemption (b)(6), which is the personal privacy exemption that covers personnel, medical, and similar files.

14. When withholding information pursuant to this exemption, EOUSA is required to balance the privacy interests of the individuals mentioned in these records against any public interest in the disclosure. In asserting this exemption, each item of information was examined to determine the degree and nature of the privacy interest of every individual whose name and/or identifying data appears in these records. The public interest in disclosure of this information is determined by whether the information in question would inform plaintiff and the general public about the USAOs, and other federal law enforcement agencies performance of their mission to enforce federal criminal and civil statutes and/or how the USAO and other federal agencies actually conduct internal operations and investigations. In each instance where information was

---

[4] EOUSA also withheld the spreadsheet compiled by the USAO-CT under Exemption 7(A). OIP will discuss this withholding. *See* Brinkmann Declaration.

withheld, it was determined that individual privacy interests were not outweighed by any public interest in disclosure. To reveal names, identifying data, and/or non-public information of third-party individuals in the context of a federal investigation could reasonably be expected to cause embarrassment and humiliation, and thus constitute an unwarranted invasion of personal privacy.

15. At the time that these records were reviewed, EOUSA considered the passage of time and its effect on the privacy interests of third-party individuals in balancing the privacy and public interests. It was determined that the privacy interests are as strong and pertinent now as when the records were created, and that there is no public interest in these records that would outweigh the privacy interests of these individuals.

16. Every effort has been made to release all segregable information without invading the privacy interests of the third-party individuals named in these records. EOUSA asserted Exemption (b)(7)(C) in conjunction with (b)(6) to withhold the names and related travel expenses of members of the Review, including supporting law enforcement personnel and witnesses, and salary records of others assisting in the investigation in the investigative materials received and generated by the USAO-CT during the course of its investigation.

17. Exemption (b)(7)(C) has also been asserted in conjunction with Exemption (b)(6) to protect the name and identifying and related information of these third parties in the withheld records. To release the identities, identifying information, and related records of third-party individuals who appear in any investigatory records would not shed any light on the government's performance of its statutory duties with respect to these investigations. However, the disclosure of such privacy-protected material could cause unnecessary attention to be focused on them and/or their family members. The mention of their names in the context of a federal investigation could also cast them in an unfavorable or negative light if released to the public. Thus, these

individuals no doubt have a strong privacy interest in the protection of such personal information. Furthermore, there is no legitimate public interest to be served by releasing the identities of persons who were merely mentioned in these investigations because it will not shed light on the operations and activities of the federal government.

## Name of Law Enforcement Personnel

18. Exemption (b)(7)(C) has been asserted in conjunction with Exemption (b)(6) to protect the names and underlying related identifying information of members of the Review who were responsible for helping to conduct and/or maintain the investigative activities reported in this investigation. Publicity, adverse or otherwise, regarding any particular investigation by such an individual may seriously impair the individual's effectiveness in conducting future investigations. This privacy consideration also protects the individual from unnecessary, unofficial questioning as to the conduct of an investigation, whether or not the individual is currently employed by the federal government. These individuals assisting in conducting official inquiries into violations of various statutes and come into contact with all strata of society and conduct searches and make arrests, both of which result in reasonable, but nonetheless serious disruptions in the lives of individuals. It is possible for a person targeted by such law enforcement action to carry a grudge which may last for years, and to seek revenge on those involved in the investigation. The publicity associated with the release of the identity of AUSA and law enforcement personnel in connection with a particular investigation could trigger hostility towards the personnel by such persons. Balancing this substantial privacy interest against the public interest in the disclosure, EOUSA could find no legitimate public interest to be served in the disclosure of identity, travel expenses and related identifying information of USAO and other law enforcement personnel connected to the public because it will not shed light on the operations and activities of the federal government.

As such, Exemption (b)(7)(C) has been cited in conjunction with Exemption (b)(6) to withhold the names and identifying information of the USAO and other law enforcement personnel in the spreadsheet maintained by the USAO-CT.

## **EXEMPTION 5 U.S.C. §552(b)(6)**
## **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY**

19. 5 U.S.C. §552(b)(6) exempts from disclosure:

personnel and medical files and similar files when the disclosure of each information would constitute a clearly unwarranted invasion of personal privacy.

20. This exemption has been interpreted broadly to cover all information pertaining to an identifiable individual. EOUSA has applied Exemption (b)(6) in conjunction with Exemption (b)(7)(C) to protect all information pertaining to third-party individuals because their privacy interests in the information outweighs any legitimate public interest in disclosure. And the application of this exemption is appropriate because no consent or authorization to release this information was provided to EOUSA in connection with this request. For these reasons, EOUSA determined that release of this information would constitute an unwarranted invasion of the personal privacy of third-party individuals herein described that could result in harassment or embarrassment.[5] Accordingly, EOUSA has asserted Exemption 6 in conjunction with Exemption (b)(7)(C) to protect certain third parties and law enforcement personnel in the withheld records.

---

[5] EOUSA's balancing of the privacy and public interests in determining whether to withhold third-party information under Exemption (b)(7)(C), as set forth in Paragraphs 12-18, supra, applies equally to the balancing of interests under Exemption 6.

## EXEMPTION 5 U.S.C. §552(b)(7) (F)
## ENDANGER THE LIFE OR PHYSICAL SAFETY OF ANY INDIVIDUAL

21. Exemption (b)(7)(F) of the FOIA permits the withholding of records or information compiled for law enforcement purposes if release of such could reasonably be expected to endanger the life or physical safety of any individual. No balancing of the interests is required for withholding.

22. EOUSA applied this exemption to the documents in this case in conjunction with other exemptions because there was a reasonable likelihood that a threat of harm could be posed to the individuals who assisted in the course of an investigation, should the withheld material be released. A reasonable likelihood that there was a threat of harm to the individual could be inferred from the facts and circumstances surrounding witnesses, including testifying at a public hearing. Exemption (b)(7)(F) has been cited in the withheld spreadsheet to protect certain law enforcement personnel assisting in the underlying case.

## SEGREGABILITY OF NON-EXEMPT INFORMATION

23. Each document was evaluated to determine if any information could be segregated and released. EOUSA has segregated and released in full the non-exempt responsive records to Plaintiff. All of the remaining records falls within one or more of the exemptions set forth above and are not segregable without revealing this protected information. The documents withheld in their entirety contained no meaningful portion that could be released without destroying the integrity of the documents or without disclosing third-party privacy interests.

## CONCLUSION

24. Each step in the handling of Plaintiff's request have been entirely consistent with the EOUSA's procedures adopted to ensure an equitable response to all persons seeking access to records under the FOIA/PA. Thus, the EOUSA has properly responded to Plaintiff's FOIA request.

I declare under penalty of perjury that the foregoing is true and correct and that Exhibits 1-2 attached hereto are true and correct copies.

Executed on SEPTEMBER 11TH, 2020.

_____
Vinay J. Jolly
Attorney Advisor
EOUSA, FOIA/PA Unit