# EXHIBIT A



CREW | citizens for responsibility and ethics in washington

November 19, 2019

Douglas Hibbard
Chief, Initial Request Staff
Office of Information Policy
U.S. Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, D.C. 20530-0001

Re: **Freedom of Information Act Request**

Dear Mr. Hibbard:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and U.S. Department of Justice ("DOJ") regulations.

Specifically, CREW seeks documents sufficient to show the detailed cost breakdowns for trips as they relate to John H. Durham's review relating to the origins of the government's investigation into interference in the 2016 election. CREW also requests documents sufficient to show the total cost of all trips taken by Attorney General William P. Barr related in whole or in part to Durham's review, including, but not limited to, trips to Italy.

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including paper records, electronic records, audiotapes, videotapes, photographs, data, and graphical material. Our request includes without limitation all correspondence, letters, emails, text messages, facsimiles, telephone messages, voice mail messages, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions. Our request also includes any attachments to emails and other records, as well as those who were cc'ed or bcc'ed on any emails.

If it is your position any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. *See* 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-

Douglas Hibbard
November 19, 2019
Page 2

exempt, and how the material is dispersed throughout the document. *See Mead Data Central v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

Please be advised that CREW intends to pursue all legal remedies to enforce its right under the FOIA to access these documents. Accordingly, because litigation reasonably is foreseeable, DOJ should institute an agency-wide preservation hold on documents potentially responsive to this request.

## **Fee Waiver Request**

In accordance with 5 U.S.C. § 552(a)(4)(A) and DOJ regulations, CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures likely will contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. *See* 5 U.S.C. § 552(a)(4)(A)(iii). Moreover, the request primarily and fundamentally is for non-commercial purposes. *See, e.g.*, *McClellan Ecological v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987).

As a part of Durham's investigation, Attorney General Barr traveled to Italy and held meetings with Italian intelligence officers regarding occurrences related to Russian interference in the 2016 election.[1] Reportedly these meetings were specifically about Professor Joseph Mifsud and his role in initiating contact between Russia and the Trump Campaign.[2] The Mueller Report details that "Mifsud told Papadopoulos that the Russian government had "dirt" on Hillary Clinton in the form of thousands of emails."[3]

There are serious concerns regarding Attorney General Barr's involvement in Special Counsel Robert S. Mueller's investigation into Russia's interference in the 2016 election, as well as his impartiality when he issued a four-page letter to Congress purporting to summarize Special Counsel Mueller's report prior to its public release in an apparent attempt to skew public opinion in favor of President Trump.[4] This creates an appearance of impropriety, yet Attorney General Barr continues to stay involved in the subsequent Durham investigation. In October 2019, following a whistleblower complaint that directly implicated Attorney General Barr, CREW

---

[1] Katie Benner, Adam Goldman, Justice Dept. Is Said to Open Criminal Inquiry Into Its Own Russia Investigation, *The New York Times*, Oct. 24, 2019, *available at* https://www.nytimes.com/2019/10/24/us/politics/john-durham-criminal-investigation.html

[2] Mueller: Department of Justice, Report on the Investigation into Russian Interference in the 2016 Presidential Election, Vol. I, at 5 (Mar. 2019), available at https://www.justice.gov/storage/report.pdf.

[3] *Ibid.*

[4] Letter from Noah Bookbinder to Attorney General William P. Barr, Apr. 11, 2019, *available at* https://bit.ly/2IN1ZXe; Letter from Noah Bookbinder to Assistant Attorney General Lee J. Lofthus, May 20, 2019, *available at* https://bit.ly/2Mis3LH.

Douglas Hibbard
November 19, 2019
Page 3

requested that DOJ Inspector General Michael E. Horowitz investigate Attorney General Barr's
participation in matters related to President Trump's request for political favors from a foreign
government.[5] As a result, Attorney General Barr should have recused from matters related to the
whistleblower complaint so as not to violate 18 U.S.C. § 208 and other ethics laws and principles
and taint DOJ's advice and actions resulting from the complaint.

Attorney General Barr's past conduct raises serious questions about his continued and direct
involvement in the Durham investigation and highlight the importance of continuing to scrutinize
his involvement in these investigations and the cost to American taxpayers of his involvement. In
an attempt to shed light on that, CREW is requesting all information pertaining to the cost of
Attorney General Barr's travel to as it relates to the Durham investigation.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue
Code. CREW is committed to protecting the public's right to be aware of the activities of
government officials, to ensuring the integrity of those officials, and to highlighting and working
to reduce the influence of money on politics. CREW uses a combination of research, litigation,
and advocacy to advance its mission. CREW intends to analyze the information responsive to
this request and to share its analysis with the public through reports, press releases, or other
means. In addition, CREW will disseminate any documents it acquires from this request to the
public through its website, www.citizensforethics.org. The release of information obtained
through this request is not in CREW's financial interest.

CREW further requests that it not be charged search or review fees for this request pursuant to 5
U.S.C. § 552(a)(4)(A)(ii)(II) because CREW qualifies as a member of the news media. *See Nat'l
Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381, 1386 (D.C. Cir. 1989) (holding non-profit
a "representative of the news media" and broadly interpreting the term to include "any person or
organization which regularly publishes or disseminates information to the public").

CREW routinely and systematically disseminates information to the public in several ways.
CREW's website receives tens of thousands of page views every month. The website includes
blogposts that report on and analyze newsworthy developments regarding government ethics,
corruption, and money in politics, as well as numerous reports CREW has published to educate
the public about these issues. In addition, CREW posts the documents it receives under the FOIA
on its website, which has been visited hundreds of thousands of times.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver.

---

[5] Letter from Noah Bookbinder and Virginia Canter to Inspector General Michael Horowitz, Oct. 7, 2019, *available
at* https://s3.amazonaws.com/storage.citizensforethics.org/wp-content/uploads/2019/10/07163909/10-7-19-DOJ-IG-
Barr-recusal-whistleblower-complaint.pdf

Douglas Hibbard
November 19, 2019
Page 4

## **Conclusion**

If you have any questions about this request or foresee any problems in fully releasing the requested records on an expedited basis, please contact me at (202) 894-7058 or hhammado@citizensforethics.org. Where possible, please produce records in electronic format. Please send the requested records to me either at hhammado@citizensforethics.org or Hajar I. Hammado, Citizens for Responsibility and Ethics in Washington, 1101 K Street, N.W., Suite 201, Washington, D.C. 20005. Thank you for your assistance in this matter.

Sincerely,

Hajar I. Hammado
Policy Assistant